UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| JAMIE M. PERLICH, on behalf of herself and others similarly situated, | |
| Plaintiff, | Case No.: 19-cv-352 |
| DARNIEDER & SOSNAY, | Class Action Complaint |
| Defendant, | Jury Trial Demanded |

---

## NATURE OF THE ACTION

1. This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014). *See* https://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed March 26, 2019)

4.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

5.      A debt collector must send this notice "[w]ithin five days after the *initial communication* with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a) (emphasis added).

6.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid,'" *see Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)), and to guarantee that consumers would receive adequate notice of their legal rights. *See* S. Rep. No. 382, 95th Cong., 1st Sess. 4, 8, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702.

7.      Here, Plaintiff's claims arise out of the antiquated practice of serving a validation notice on a consumer who is a defendant in a state court debt collection lawsuit at the same time the debt collector serves the summons and complaint on the consumer.

8.      This practice appears to have originated out of a previous lack of clarity as to whether a state court complaint to collect a consumer debt was an "initial communication" under the FDCPA. *Compare, e.g.*, *Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003) (holding that a summons and complaint do not constitute "initial communications" triggering the debt validation notice requirements of § 1692g), *with Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 920 (7th Cir. 2004) (finding that a summons and complaint served in a state court action constitute

an "initial communication" under the FDCPA), *superseded by statute as stated in Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 472 (7th Cir. 2007).[2]

9. But in 2006—well over a decade ago—Congress amended the FDCPA to clarify that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." 15 U.S.C. § 1692g(d); *see also Beler*, 480 F.3d at 473 ("A recent amendment nullified the holding of *Thomas*: legal pleadings no longer need be preceded or accompanied by verification notices. Pub. L. 109-351, 120 Stat. 2006 (Oct. 13, 2006), adding 15 U.S.C. § 1692g(d)").

10. Nonetheless, over 12 years later, some debt collectors continue to attach validation notices to summonses and complaints that they file and serve on consumers.

11. This unnecessary practice creates numerous risks and confusion for consumers.

12. For instance, because a state-court complaint is not an initial communication, service of a complaint triggers neither a debt collector's obligations under 15 U.S.C. § 1692g, nor a consumer's concomitant rights under that provision of the FDCPA.

13. Thus, by serving a validation notice with a summons and complaint, the debt collector misleads the consumer into believing the consumer has certain rights under the law that the consumer does not have.

14. Moreover, the timing requirements for responding to a complaint in many state courts are often shorter in duration than the timing requirements for disputing a debt under 15 U.S.C. § 1692g.

---

[2] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

15. As a result, serving a validation notice with a summons and complaint in such jurisdictions is likely to confuse the consumer as to when and how the consumer needs to respond to the complaint, and in a worst-case scenario, can result in the consumer missing the deadline to respond to the complaint.

16. As the Seventh Circuit wrote in *Thomas*:

> Sending the notice along with the pleadings, or shortly thereafter, might also confuse the debtor. A debtor must comply with deadlines imposed by court rules and judges, even if that debtor has requested verification of the debt. While the § 1692g notice indicates that the debtor has 30 days to dispute his debt, in federal court a defendant must answer a complaint within 20 days of its filing. Failing to timely file an answer could result in a default judgment. Thus, the validation notice could potentially give a debtor the false impression that it has 30 days before it is required to take any action in the lawsuit.

392 F.3d at 919.

17. Upon information and belief, Darnieder & Sosnay ("Defendant") routinely serves validation notices on consumers in conjunction with the service of summonses and complaints, in violation of the FDCPA.

18. As a result of these violations, Jamie M. Perlich ("Plaintiff") bring this case as a class action seeking damages for herself and others similarly situated.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

20. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2), where the events giving rise to Plaintiff's action occurred in this District, and where Defendant transacts business in this District.

## PARTIES

21. Plaintiff is a natural person who at all relevant times resided in Price County, Wisconsin.

4

22. Plaintiff is a "consumer" as defined 15 U.S.C. § 1692a(3).

23. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

24. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a motor vehicle security agreement in favor of University of Wisconsin Credit Union (the "Debt").

25. Defendant is a law firm based in Milwaukee County, Wisconsin.

26. Defendant "primarily focuses on representing financial institutions and other business in collection matters."[3]

27. Defendant is an entity that at all relevant times was engaged, by use of the mails telephone, and/or credit reporting, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

28. Upon information and belief, at the time Defendant was hired to collect the alleged Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

29. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

30. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

---

[3] See https://www.dnslawfirm.com/About/ (last accessed April 15, 2019).

**FACTUAL ALLEGATIONS**

31.     On or about February 20, 2019, Defendant served Plaintiff with a summons and complaint (the "Collection Complaint").

32.     A true and correct copy of the Collection Complaint, filed in Wisconsin Circuit Court, is attached as Exhibit A.

33.     The summons advised Plaintiff, in pertinent part,

> Within 20 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court whose address is Outagamie Co. Courthouse, Justice Center, 320 S. Walnut St., Appleton, WI 54911, and to plaintiff's attorney, whose address is 735 N. Water Street, Suite 205, Milwaukee, WI 53202. You may have an attorney help or represent you.
>
> If you do not provide a proper answer within 20 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

*See* Ex. A.

34.     Attached to the Collection Complaint was a document titled "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT."

35.     A true and correct copy of the "FDCPA Notice" is attached as Exhibit B.

36.     The FDCPA Notice provided:

**NOTICE REQUIRED BY THE FAIR DEBT
COLLECTION PRACTICES ACT, (the Act),
15 U.S.C. Section 1692 as Amended**

1. Darnieder & Sosnay is the creditor's law firm and is attempting to collect a debt for the creditor. Any information the debtor provides to Darnieder & Sosnay will be used for that purpose.

2. The amount of the debt is stated in the complaint attached hereto.

3. The plaintiff as named in the attached summons and complaint is the creditor to whom the debt is owed.

4. The debt described in the complaint attached hereto will be assumed to be valid by Darnieder & Sosnay unless the debtor, within thirty (30) days after the receipt of this action, disputes, in writing, the validity of the debt or some portion thereof.

5. If you dispute the validity of the debt, or any portion thereof, you should notify us within thirty (30) days after receipt of this letter or the debt will be assumed to be valid. If we are so notified in writing, we will obtain verification of the debt and a copy of the judgment and mail it to you. Upon your written request within the 30-day period, we will provide you with the name and address of your original creditor if different from the current creditor.

6. Written requests should be addressed to

   > Darnieder & Sosnay
   > Attention: Mark C. Darnieder
   > 735 N. Water St., Suite 930
   > Milwaukee, WI 53202

37. Upon information and belief, Defendant, as a matter of pattern and practice, includes the FDCPA Notice as an attachment to debt collection complaints that it serves on Wisconsin consumers.

**CLASS ACTION ALLEGATIONS**

38. Plaintiff brings this action as a class action under Federal Rules of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons in the state of Wisconsin to whom, within one year before the date of this complaint, Darnieder & Sosnay served a "Notice Required by the Fair Debt Collection Practices Act" as part of a lawsuit it filed against such person in

connection with the collection of a consumer debt.

39. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40. Upon information and belief, the proposed class is so numerous that joinder of all members is impracticable.

41. The exact number of members of the class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

42. The proposed class is ascertainable in that is defined by reference to objective criteria.

43. In addition, upon information and belief, the names and addresses of all members of the class can be identified in business records maintained by Defendant and in public records.

44. Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff has suffered the same injury as each member of the class.

45. Like all members of the proposed class, Defendant served Plaintiff with a "Notice Required by the Fair Debt Collection Practices Act" as part of a lawsuit filed by it against Plaintiff in connection with the collection of a consumer debt.

46. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

47. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely impracticable.

48. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation may make it impracticable for the members of the class to individually redress the wrongs done to them.

49. There will be little difficulty in the management of this action as a class action.

50. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

51. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA;

   b. Whether including a validation notice when serving a complaint and summons on a consumer constitutes a false, deceptive or misleading practice;

   c. Whether Defendant is a "debt collector" as defined by the FDCPA;

   d. the availability of declaratory relief;

   e. the availability of statutory penalties; and

   f. the availability of attorneys' fees and costs.

52. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

53. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-52.

54. The FDCPA at 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Defendant served the FDCPA Notice on Plaintiff at the same time it served the Collection Complaint.

56. The FDCPA Notice advised Plaintiff that "[t]he debt described in the complaint attached hereto will be assumed to be valid by Darnieder & Sosnay unless the debtor, within thirty (30) days after receipt of this action, disputes, in writing, the validity of the debt or some portion thereof." *See* Ex. B.

57. The FDCPA Notice further advised Plaintiff that if Plaintiff notified Defendant in writing "within thirty days after receipt of this letter" that she was disputing the debt, Defendant would "obtain verification of the debt and a copy of the judgment and mail it to you." *Id.*

58. The FDCPA Notice also advised Plaintiff that "[u]pon your written request within the 30-day period, we will provide you with the name and address of your original creditor if different from the current creditor." *Id.*

59. The FDCPA Notice then directed Plaintiff to address "[w]ritten requests" to Defendant. *Id.*

60. These representations are false, deceptive and misleading because they provide a misleading impression of the process for responding to a lawsuit under Wisconsin law.

61. Specifically, Plaintiff only had 20 days—not 30—to respond to the complaint without risking default judgment.

62. However, an unsophisticated consumer reviewing the FDCPA Notice could reasonably conclude that as long as she disputed the Debt to Defendant, or responded to the lawsuit within thirty days, that she had satisfied her requirements to provide a written answer to the complaint.

63. Indeed, while the summons advised Plaintiff to prepare a "written answer" to both the state court and to Defendant, the FDCPA Disclosure only directed Plaintiff to send her dispute or request for verification to Defendant. *Compare* Ex. A, Ex. B.

64. As a result, and given the conflict between the time period in the summons (20 days) and the time period in the FDCPA Disclosure (30 days), an unsophisticated consumer would be confused as to when and how she would need to respond to the Collection Complaint.

65. Here, Plaintiff was, in fact, confused about when and how she needed to respond to the Collection Complaint.

66. Moreover, the FDCPA Notice's statement that if Plaintiff disputes the debt within 30 days, Defendant "will obtain verification and a copy of a judgment and mail it to you," implies that it has already obtained a judgment against Plaintiff.

67. Thus, the unsophisticated consumer could reasonably conclude upon reviewing the FDCPA Notice that a judgment had already been entered against her, thereby making responding to the Collection Complaint futile.

68. Yet, Defendant had not obtained a judgment against Plaintiff at the time it served her with the Collection Complaint and FDCPA Disclosure.

69. Finally, Defendant's representations were false and misleading because they purported to provide Plaintiff with rights under the law that Plaintiff did not have and could not enforce.

70. For instance, as the Collection Complaint was not an "initial communication" within the meaning of the FDCPA, Plaintiff neither had the legal right to dispute the Debt within 30 days after the Collection Complaint was served on her, nor would Defendant be legally

obligated to obtain verification of the Debt and provide a copy of such verification to Plaintiff had Plaintiff disputed the debt in writing within the 30-day period.

71. Nonetheless, Defendant falsely advised Plaintiff that she had these exact rights pursuant to the FDCPA.

72. As a result of the foregoing, Defendant violated 15 U.S.C. § 1692e.

73. The harm suffered by Plaintiff is particularized in that the illegal debt collection conduct was targeted at her personally and regarded his personal alleged debt.

74. Likewise, Defendant's actions created a real risk of harm in that they could cause uncertainty and confusion as to when and how a consumer needed to respond to the Collection Complaint, and what rights the consumer had to validate the Debt. *See, e.g.*, *Evans v. Portfolio Recovery Assocs.*, 889 F.3d 337, 345 (7th Cir. 2018) (risk of real harm sufficient to confer standing).

75. And here, Plaintiff was confused as to what her rights were and when and how to respond to the Collection Complaint.

**COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(a)(3)**

76. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-52.

77. The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\*\*\*\*\*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

78. To the extent that Defendant contends that the FDCPA Disclosure should be construed as Defendant's initial communication with Plaintiff in connection with collection of the Debt, the FDCPA Disclosure did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), and Defendant did not provide such disclosures within five days thereafter.

79. Specifically, the FDCPA Disclosure violated 15 U.S.C. § 1692g(a)(3) by informing Plaintiff that any dispute need be in writing. *See* Ex. B; *see also Busch v. Valarity, LLC*, No. 4:12-CV-2372-JAR, 2014 WL 466221, at *4 (E.D. Mo. Feb. 5, 2014) ("Because the plain meaning of the statute is clear and unambiguous, § 1692g(a)(3) does not impose a writing requirement on consumers.")

80. As a result, Defendant violated 15 U.S.C. § 1692g(a)(3).

81. The harm suffered by Plaintiff is particularized in that the illegal debt collection conduct was targeted at her personally and regarded his personal alleged debt.

82. Likewise, Defendant's actions created risk of real harm to the concrete interests that Congress enacted the FDCPA to protect—namely, a waiver of her validation rights. *See, e.g.*, *Macy v. GC Services Ltd. P'ship*, 897 F.3d 747, 758 (6th Cir. 2018) ("Thus, Plaintiffs allege a risk of harm that is traceable to GC's purported failure to comply with federal law, namely, the possibility of an unintentional waiver of FDCPA's debt-validation rights, including suspension of collection of disputed debts under Section 1692g(b).").

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e or, alternatively, 15 U.S.C. § 1692g(a)(3);

    c.    Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

    d.    Enjoining Defendant from future violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692g(a)(3) with respect to Plaintiff and the class;

    e.    Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

    f.    Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

    g.    Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: May 1 2019                    Respectfully submitted,

/s/ *James L. Davidson*
James L. Davidson
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@gdrlawfirm.com

Matthew C. Lein
Lein Law Offices
15692 Highway 63 North
Hayward, WI 54843
Telephone: 715.634.4273
Fax: 715.634.5051
mlein@leinlawoffices.com

Counsel for Plaintiff and the proposed class